Curia, per
Harper, J.
The process of the superior courts runs to every part of the State. So it is expressly provided by the Act of 1789, P. L. 487, and that of 1799, 2 Faust, 314. The latter Act, after prescribing how-mesne process shall be tested and returnable, adds, “ and the said process shall and may be served in any district of the State.” It is true the service may be set aside, if it be made returnable to the court of a district in which the party does not reside, or is not found, and where he is not bound to appear. But the same Act of 1799 provides that if there be two or more defendants residing in different districts, the plaintiff in such action may try the same in the court of the district wherein either of the defendants shall reside, be arrested or taken. It seems to follow, of course, that if process be issued and made returnable in the district where one of the defendants resides, the same process may be served on the other defendant in another district; and it cannot be necessary that new process should issue or be lodged in the district in which the latter defendant is served. The defendant is bound to appear where the writ is made returnable, and where the notice indorsed on the copy directs him to appear. If after having been lodged with, and served by, the sheriff of Chesterfield, the writ in this case *179 had been delivered to the sheriff of Marlborough, and served by him, no doubt the service would have been good. It remains to enquire whether the service was vitiated by the circumstance of the sheriff’s not having had the original writ in his possession at the time of delivering the copy. This must, I think, be determined by the Act of 1736, P. L. 145, which directs that “ a copy of all writs of mesne process by or from the said court of Common Pleas, shall be delivered to, or left at, the usual place of abode of the defendant or defendants.” Nothing is said about shewing the original, and the Act seems to be sufficiently complied with by delivering a true copy, with the notice thereon indorsed, which the Act directs. I do not perceive any possible prejudice, which can be occasioned to the defendant by the sheriff’s not having possession of the writ. It is enough for him that he is served by the proper officer. If the copy be not a true one, he may take advantage of it by setting aside the service.
The motion is therefore granted.
Johnson and O’Neall, JJ. concurred.